IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Abdul R. Kalya,<br>  Plaintiff | )<br>)<br>) | Civil Action<br>File No. 4:21-cv- |
| v. | )<br>) | |
| Mangal Enterprise LLC, Virendra Kothari,<br>and Prashant Kothari,<br>  Defendants. | )<br>)<br>)<br>) | Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW PLAINTIFF, Abdul R. Kalya ("Mr. Kalya" or "Plaintiff"), and complains of Mangal Enterprise LLC, Virendra Kothari, and Prashant Kothari ("Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

### I.
### INTRODUCTION AND SUMMARY OF SUIT

1. Mr. Kalya brings this civil action pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). He seeks unpaid overtime wages from the Defendants.

2. Defendants own(ed), operate(d) and control(led) a Shell branded gasoline station and convenience store doing business as "First Colony Shell" located at 1740 Dulles Avenue, Sugar Land, Texas 77478 (the "Gas Station"). Mr. Kalya worked as a clerk at the Gas Station.

3. Mr. Kalya routinely worked in excess of 40 hours a week, yet he did not receive overtime wages as the FLSA requires. *See* 29 U.S.C. § 207(a).

4. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Mr. Kalya.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

5. Plaintiff brings his claims to this Court pursuant to a federal statute, the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* The Court thus has federal question jurisdiction pursuant to 28 U.S.C. §1331.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

7. Plaintiff, **Abdul R. Kalya**, is a resident of Harris County, Texas. While working at the Gas Station as a clerk, Plaintiff was Defendants' "employee", as the term is defined under the FLSA.

8. Defendant, **Mangal Enterprise LLC**, is a limited liability company that may be served with summons and complaint by serving Mr. Prashant Kothari, its duly appointed registered agent, at 5701 Woodway Drive, Suite 225, Houston, Texas 77057. This Defendant is engaged in business in the State of Texas by its ownership and operation of one or more gasoline stations / convenience stores, including the Gas Station. The Court thus has personal jurisdiction over this Defendant.

9. Defendant, **Virendra Kothari,** is an individual who may be served with summons and complaint at his place of business at 5701 Woodway Drive, Suite 225, Houston, Texas 77057, or at any other address where he may be found. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to such employer's employees, including the Plaintiff. Further, this Defendant resides, and is engaged in business, in the State of Texas. The Court thus has personal jurisdiction over this Defendant.

10. Defendant, **Prashant Kothari,** is an individual who may be served with summons and complaint at his place of business at 5701 Woodway Drive, Suite 225, Houston, Texas 77057,

or at any other address where he may be found. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to such employer's employees, including the Plaintiff. Further, this Defendant resides, and is engaged in business, in the State of Texas. The Court thus has personal jurisdiction over this Defendant.

11. In those instances where this complaint alleges the Defendants committed any act or omission, it is meant that such act or omission was not only committed individually or jointly by the Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## FLSA COVERAGE

12. Plaintiff alleges and invokes a willful violation of the FLSA, and the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this civil action, and continuing thereafter until time of trial and judgment.

13. During the relevant period, Defendant Mangal Enterprise LLC was an "employer" under the FLSA (29 U.S.C. § 203(d)), and in particular, this Defendant was Plaintiff's employer.

14. During the relevant period, Defendant Virendra Kothari was an "employer" under the FLSA (29 U.S.C. § 203(d)), and in particular, this Defendant was Plaintiff's employer.

15. During the relevant period, Defendant Prashant Kothari was an "employer" under the FLSA (29 U.S.C. § 203(d)), and in particular, this Defendant was Plaintiff's employer.

16. During the relevant period, Mr. Kalya was an "employee" under the FLSA (29 U.S.C. § 203(e)), and in particular, he was an employee of each Defendant named herein.

17. During the relevant period, Defendants were collectively an "enterprise" under the FLSA (29 U.S.C. § 203(r); 29 U.S.C. § 203(s)(1)(A)); and an integrated enterprise. *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

18. During the relevant period, Defendants were an enterprise engaged in commerce because they had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

19. Furthermore, for each year falling within the relevant period, Defendants had annual gross business volume in excess of the statutory standard.

20. During the relevant period, Plaintiff was an individual employee engaged in commerce. 29 U.S.C. § 207.

## V.
## FACTS

21. Defendants employed Mr. Kalya as a store clerk at the Gas Station from April 13, 2013, until September 14, 2020.

22. During his employment, Mr. Kalya worked overtime hours on a weekly basis.

23. Mr. Kalya performed duties typically performed by a gas station clerk, such as operating the cash register, assisting local and out-of-state customers with their purchases, stocking inventory on shelves, and cleaning the premises.

24. The Defendants owned, controlled and operated the Gas Station, and the individual Defendants (Virendra Kothari and Prashant Kothari) possessed authority to make all decisions pertaining to the operation of the Gas Station.

25. As part of their operation of the Gas Station, Defendants controlled Mr. Kalya's terms and conditions of employment, including decisions relating to payment of some but not all wages due (i.e., non-payment of overtime wages); Mr. Kalya's hourly pay rates; the number of hours Mr. Kalya worked during each workweek; and, the decision to pay Mr. Kalya's weekly wages with a combination of check and cash.

26. Defendants chose to pay Mr. Kalya's weekly wages with check for the first 40 hours worked, and with cash for all weekly hours exceeding 40. Defendants paid all of Mr. Kalya's weekly wages at his straight-time hourly rate, which ranged from $8.00 per hour to $10.00 per hour during the course of his employment. The Defendants were aware of their obligation to pay Mr. Kalya's overtime wages under the FLSA at time-and-one-half, but failed to do so. Instead, Defendants willfully violated the statute by devising and implementing a scheme to usurp their legal obligation to pay overtime wages under the FLSA.

## VI.
### CAUSE OF ACTION AND DAMAGES SOUGHT

<u>Violation of the FLSA – Failure to pay overtime wages to Plaintiff Kalya</u>

27. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

28. Defendants violated the FLSA by failing to pay Plaintiff the proper time-and-a-half hourly rate for hours he worked in excess of forty (40) per workweek. 29 U.S.C. § 207.

29. During the relevant period, Mr. Kalya was a non-exempt employee – that is, he was entitled to receive overtime wages under the FLSA for all hours he worked in excess of 40 during each seven-day workweek.

30. During his employment with the Defendants, Mr. Kalya worked overtime hours on a weekly basis at the request of his employer.

31. Despite Defendants' awareness of the overtime pay requirements imposed upon them under the FLSA, Defendants informed Mr. Kalya that he would not receive overtime wages for hours he worked in excess of 40 on a weekly basis.

32. Mr. Kalya in fact received no overtime wages for the overtime hours he worked each week at the Gas Station.

33. Defendants' knowing, repeated and consistent failure to pay overtime wages to Mr. Kalya on a weekly basis amounts to a willful pattern and practice of illegal and prohibited conduct under the FLSA.

34. Mr. Kalya thus sues the Defendants for all unpaid overtime wages falling within the period of his employment.

35. Mr. Kalya also seeks an award of liquidated damages in an amount equal to his unpaid overtime wages.

36. Further, pursuant to the FLSA, Mr. Kalya seeks attorney's fees and costs incurred in prosecuting his case. 29 U.S.C. §216(b) states, in part, that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

37. Lastly, Mr. Kalya seeks post-judgment interest at the highest rate allowed by law, assessed on all damages, including attorney's fees and costs.

## VII.
## JURY DEMAND

38. Mr. Kalya demands a jury trial.

## VIII.
## PRAYER FOR RELIEF

FOR ALL OF THESE REASONS, Plaintiff Abdul R. Kalya respectfully requests that upon final hearing the Honorable Court grant relief by entering Final Judgment, jointly and severally, against Defendants Mangal Enterprise LLC, Virendra Kothari and Prashant Kothari, as follows:

    a. Declare each Defendant violated 29 U.S.C. § 207 by failing to pay Plaintiff's overtime wages;

    b. Declare each Defendant's violations of the FLSA are willful;

    c. Order each Defendant to pay Mr. Kalya's unpaid overtime wages;

d.   Order each Defendant to pay liquidated damages in an amount equal to Mr. Kalya's unpaid overtime wages;

e.   Order each Defendant to pay Mr. Kalya's reasonable attorney's fees and all costs of litigation; and,

f.   Order each Defendant to pay post-judgment interest accessed at the highest lawful rate on all awarded amounts, including attorney fees and litigation costs.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By:   */s/ Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

**Attorney for Plaintiff**
**Abdul R. Kalya**